### COLE, Treas. v RAYMORE et

Ohio Appeals, 3rd Dist, Marion Co.

No. 904. Decided Feb. 12, 1940.

Walter D. Moore, Marion, for plaintiff.

Grant E. Mouser, Jr., Marion; Guthery & Guthery, Marion; James E. Reed, Marion; Hayes Thompson, Marion, for defendants.

### OPINION

By CROW, PJ.

This appeal on questions of law from the Common Pleas Court of Marion County, Ohio, presents the question of validity of a sheriff's sale of real estate in foreclosure of liens, pursuant to proceedings in that court.

Neither the sheriff nor a deputy was actually present at the sale which was conducted by a licensed auctioneer who had been employed by the sheriff for such purpose; the return of the sale was made on the order of sale, in the name of the sheriff by a deputy, as though the sale had been made in fact by deputy, to C. O. McCurdy and Howard N. McCurdy, for $3650; and a fee of five dollars as costs to the auctioneer, was noted on the return.

A motion was made by Claude C. Brown a defendant lien holder to set the sale aside on the ground that the bid of McCurdy's was not the highest and best bid but that Fred L. Carhart bid to pay the sum of $4000 which he was ready, willing and able to pay. During the hearing of the motion amendment was permitted to include as a ground that "the purported sale was not made by the sheriff as shown by his return but was conducted by an auctioneer not under the supervision or in the presence of said sheriff or any of his deputies."

The bill of exceptions taken at the hearing contains evidence tending to prove that Carhart was at the sale and intended to bid to the maximum amount of four thousand dollars for the property; that he attempted to participate in the sale as such bidder and immediately after the thirty-six hundred and fifty dollar bid was made he endeavored to bid a higher sum but that by reason of either the haste or misapprehension or oversight of the auctioneer, his, Carhart's, bid was not considered, and the thirty-six hundred and fifty dollar bid was accepted; and that at once, and before the auctioneer, Carhart and the thirty-six hundred and fifty dollar bidders had left the scene of the sale, Carhart demanded that the sale go on and asserted he would then bid for the property, four thousand dollars; and that thereafter the auctioneer reported the sale to the deputy sheriff as having been made to McCurdys at thirty-six hundred and fifty dollars. Carhart also testified that if the property be again offered at sheriff's sale he would bid four thousand dollars for it.

Other evidence was admitted some of which is in material conflict with the foregoing.

The journal entry of the decision of the motion recites "that sale was irregular in that the sheriff did not attend and conduct said sale in person or by one of his deputies in person", and orders that the sale be set aside, no allusion being made to the other ground of the motion, namely, that the sale was not made to the highest and best bidder.

The appeal to this court was taken by McCurdys and a motion was made here to dismiss the appeal on the ground that the decision of the motion was not appealable, which should be overruled without comment, the law being clearly against the motion, as laid down in 24 O. Jur. 58, and 16 R. C. L. 113.

Did the court commit prejudicial error when it decided that the sale and return thereof were void because the auctioneer in place of the sheriff or a deputy announced the sale, received the bids, and reported them to the sheriff or a deputy neither of which officers was actually present at the sale?

The pertinent statutes are four sections of the General Code which are in full as follows:

"Sec. 2833. General powers and duties of the sheriff. Each sheriff shall preserve the public peace and cause all persons guilty of breach thereof, within his knowledge or view, to enter into recognizance with sureties to keep the peace and to appear at the succeeding term of the common pleas court of the proper county and commit them to jail in case of refusal. He shall return a transcript of all his proceedings with the recognizance so taken to such court and shall execute all warrants, writs and other process to him directed by proper and lawful authority. He shall attend upon the common pleas court and the court of appeals during their sessions, and, when required, upon the probate court. In the execution of the duties required of him by law, the sheriff may call to his aid such person or persons or power of the county as may

be necessary. Under the direction and control of the county commissioners, he shall have charge of the court house."

"Sec. 2834. Duty to execute and return process. The sheriff shall execute every summons, order or other process, make return thereof as required by law and exercise the powers conferred and perform the duties enjoined upon him by statute and by the common law."

"Sec. 2830. Deputy sheriffs. The sheriff may appoint in writing one or more deputies. If such appointment is approved by a judge of the court of common pleas of the sub-division in which the county of the sheriff is situated, such approval at the time it is made, shall be indorsed on such writing by the judge. Thereupon such writing and indorsement shall be filed by the sheriff with the clerk of his county, who shall duly enter it upon the journal of such court. The clerk's fees therefor shall be paid by the sheriff. Each deputy so appointed shall be a qualified elector of such county. No justice of the peace or mayor shall be appointed such deputy."

"Sec. 9. Deputies and clerks, their terms, etc. A deputy, when duly qualified, may perform all and singular the duties of his principal. A deputy or clerk, appointed in pursuance of law, shall hold the appointment only during the pleasure of the officer appointing him. The principal may take from his deputy or clerk a bond, with sureties, conditioned for the faithful performance of the duties of the appointment. In all cases the principal shall be answerable for the neglect or misconduct in office of his deputy or clerk."

The four sections must be read together and effect given to all provisions, and of especial consequence are the words in §2833 that "in the execution of the duties required of him by law the sheriff may call to his aid such person or persons or power of the county as may be necessary.' Rarely indeed are plainer words found in a

statute. Taking them in their ordinary meaning, there being nothing to indicate that such should not be done, it must be held that the sheriff could lawfully, as he did, employ an auctioneer to conduct a public sale of real estate to the point of reporting it to the sheriff or a deputy, for return of the order of sale.

It is true that under the sections, and particularly the provision in §2834, "to exercise the powers conferred and perform the duty enjoined upon him by statute and by the common law" are of great and unusual breadth, but it is to be remembered that in England by the common law a sheriff was "a mighty man." Bouvier's Law Dictionary, Rawle's Third Revision, 3058.

It must therefore be held that the court erred to the prejudice of the motioner in deciding the sale to be void.

Neither the journal entry nor any other part of the record here, showing that the other ground of the motion was disposed of, the presumption cannot be indulged that such was done, on which point the reasoning of the case in 102 Oh St 40, is applicable and will be applied. Wherefore that ground of the motion, namely, that the sale was not made to the highest and best bidder, remains for decision.

The judgment must be reversed at costs in this court, of appellees and the cause remanded with direction to pass on the indicated ground of the motion and for further proceedings according to law.

KLINGER & GUERNSEY, JJ., concur.